Boyd v. The State.

===

SIDNEY BOYD v. THE STATE.

CRIMINAL LAW. *Sale of liquor on steamboat. License.* It is no defense to an indictment for selling liquor in less quantity than a quart without first having obtained a license under the laws of the State, or for selling an intoxicating beverage within four miles of an incorporated institution of learning, that the sale was made on a steamboat while under way in the Cumberland river, and that the defendant had paid the special tax and taken out a license as a retail liquor dealer as required by the laws of the United States.

FROM CLAY.

Appeal in error from the Circuit Court of Clay county.    N. W. McCONNELL, J.

GEORGE H. MORGAN for Boyd.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Boyd has appealed from a judgment of conviction of selling and tippling spirituous, vinous and malt liquors in less quantity than a quart, without first

Boyd v. The State.

having obtained a license so to do, as required by law. The proof shows that he did sell liquor as charged, in the county in which the indictment was found, without the license required by the State law. The sale was made on the steamboat "City of Nashville," while the boat was in the stream and under way. The steamer was one which regularly plies the waters of the Cumberland river from Nashville, in this State, to all points up the river to the head of navigation," in the State of Kentucky, carrying freight and passengers. The river runs through the States of Kentucky and Tennessee and is navigable in both States. It was shown that the owners and officers of the steamer · had complied with all the requirements of the laws of the United States, and that the defendant had taken out a license as a retail liquor dealer and paid the special tax required by the laws of the United States for such a, dealer. The defendant had rented the room on the said boat called the bar, and kept therein a saloon, selling liquor to all persons applying while the boat was under way.

No argument has been submitted on behalf of the appellant to show error in the judgment, nor have we been able to find any ground for such an argument. The indictment is correct in form, the proceedings in every way regular, and the proof conclusive. The jurisdiction of the State over all the territory within its boundaries, including the bed of navigable streams, is beyond question. The legislative power of the State extends over the waters in those limits, and the lands under those waters, as well as the dry land. The

Boyd *v.* The State.

authority of the Congress of the United States over inter-state or international commerce does not, of course, have any thing to do with business carried on within the State. Selling liquor by the drink at the bar of a steamer is not inter-state commerce, and, as a general rule, the law permits the State to exercise full control over public ways of all kinds, both by land and water, within its limits: 1 Bish. Crim. L., 174. It has long been settled by the highest court in the land that Congressional legislation imposing a license fee is only a form of taxation which does not make any business lawful which was not lawful before: *The License Cases,* 5 How., 504; *The License Tax Cases,* 5 Wall., 462. And, as a consequence, it has been expressly held by the same high court, that a license from the Federal government, under the internal revenue acts of Congress, to keep and sell liquors, is no bar to an indictment under a State law prohibiting the sale of intoxicating liquors without a State license: *Peryear* v. *Commonwealth,* 5 Wall., 475.

Affirm the judgment.

This decision covers also the conviction of the same defendant for selling an intoxicating beverage within four miles of an incorporated institution of learning.